Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7517 | **DATE** | 4/26/2001 |
| **CASE TITLE** | US vs. Walton (92 CR 1084-3) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Walton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 27 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 7 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 01 APR 26 PM 1:26  date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRELL WALTON, )
)
Plaintiff, )
)  00 C 7517
vs. )
)  92 CR 1084-3
UNITED STATES OF AMERICA, )
)
Defendant. )

DOCKETED APR 27 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Darrell Walton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the motion.

On June 25, 1993, a jury convicted Darrell Walton ("Walton") of conspiracy to distribute cocaine, a Schedule II narcotic, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One); attempt to possess with intent to distribute cocaine, a Schedule II narcotic, in violation of 21 U.S.C. § 846 (Count Two); conspiracy to commit extortion and to participate in the use of extortionate means to collect an extension of credit in violation of 18 U.S.C. §§ 371 and 372 (Count Three); interference with commerce by threats and violence in violation of 18 U.S.C. §§ 1951 and 1952 (Count IV); and

collection of extension of credit by extortionate means in violation of 18 U.S.C. §§ 894 and 892 (Count V). This Court sentenced Walton to a term of imprisonment of 168 months on Counts One, Two and Four and 60 months on Counts Three and Five. The terms were to run concurrently.

Walton filed a Notice of Appeal from his conviction on October 15, 1993. The Seventh Circuit affirmed the conviction on May 23, 1995. See United States v. Walton, 54 F.3d 1295, 1309, 1311 (7th Cir. 1995).

On November 27, 2000, Walton filed the instant motion under section 2255. Walton premises his collateral attack upon the decision of the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). According to Walton, the Apprendi decision "compels a radical shift in criminal procedure in federal drug cases." (Pet. Brief at 14.) Because Apprendi was recently decided in 2000, Walton believes he now has occasion to wage this collateral attack on his 1993 conviction. Walton endeavors to claim that this Court imposed a sentence exceeding the statutory maximum without submitting certain elements of the offense to the jury, in violation of the constitutional mandate of Apprendi. (Pet. Brief. at 4.) In particular, Walton emphasizes that the jury made no findings of fact as to the amount of drugs attributable to Walton.

Walton's petition has two fatal flaws. First, it presumes that Apprendi can be applied retroactively when every indication from higher courts establishes the contrary. The Apprendi decision itself is silent as to whether it applies retroactively to cases on collateral review. No subsequent Supreme Court case has applied Apprendi retroactively. Until the Supreme Court rules on the question, the Seventh Circuit has declined to treat the decision as retroactive. See Hernandez v. United States, 226 F.3d 839, 841 (7th Cir. 2000) (stating that "potentially meritorious claims that rely on new rules of constitutional law [such as Apprendi] are not ripe for presentation until the Supreme Court has ruled on the retroactivity question"); Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000) (urging prisoners not to bring initial or collateral attacks under Apprendi until the Supreme Court announces the decision applies retroactively).

Because the Seventh Circuit does not currently apply Apprendi retroactively, Walton cannot overcome the one-year statute of limitations imposed by section 2255. See 28 U.S.C. § 2255 ¶ 6. According to section 2255, the statute of limitations begins to run on the date the judgment of conviction becomes final, or the date on which the Supreme Court initially recognized the asserted right and made it retroactively applicable to cases on collateral review, whichever occurs later. See id. ¶¶ 6(1), 6(3). Walton cannot proceed under this latter provision, however, because the Supreme

Court has not deemed <u>Apprendi</u> retroactive. Left with the former provision, Walton is barred by the statute of limitations. His conviction became final when the Seventh Circuit affirmed it on May 23, 1995. He filed the instant petition more than five years later on November 27, 2000, well beyond the one-year limitation.

Furthermore, even if <u>Apprendi</u> had retroactive effect, it would not assist Walton in his quest for a writ of habeas corpus. <u>Apprendi</u> holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. This holding does not apply to Walton's case because Walton received a sentence within the prescribed statutory maximum. Walton was sentenced to 168 months, or fourteen years. The prescribed statutory maximum sentences for Counts I and II are twenty years for each because the jury found beyond a reasonable doubt that each count involved cocaine. <u>See</u> 21 U.S.C. § 841(b)(1)(C). That the jury did not make findings of fact as to the amount of drugs involved does not change this result, as section 841(b)(1)(C) imposes up to 20 years of imprisonment for controlled substances regardless of the amount. <u>See</u> 21 U.S.C. § 841(b)(1)(C). Furthermore, the prescribed statutory maximum sentences for Counts III, IV and V are five years, twenty years and twenty years respectively. <u>See</u> 18 U.S.C. §§ 371, 1951, 894. Given these numbers, a proper total sentence for Counts I and II alone would

have been forty years, and for all of the Counts could have reached eighty-five years. Accordingly, Walton's fourteen-year sentence fell well within the prescribed statutory maximum and would not trigger <u>Apprendi</u>.

In light of the foregoing discussion, we deny Walton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

_____
Charles P. Kocoras
United States District Judge

Dated: __April 26, 2001__